■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN HAIRSTON, Appellant.—Appeal by defendant from a judgment of the County Court, Westchester County (the clerk's extract says Supreme Court, Westchester County), rendered September 15, 1976, convicting him of arson in the second degree, and reckless endangerment in the first degree (two counts), upon a jury verdict and imposing sentence. By order dated November 14, 1977 this court affirmed the judgment (People v Hairston, 59 AD2d 1066). On August 10, 1979 we granted the defendant's motion for renewal, reargument or reconsideration to the extent of permitting reargument of the original appeal. On reargument, we adhere to our original determination to affirm the judgment. No opinion. Mollen, P. J., Titone, Rabin and Margett, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LESTER HARRIS, Appellant.—Judgment of the Supreme Court, Suffolk County, rendered October 12, 1978, affirmed. No opinion. This case is remitted to the Supreme Court, Suffolk County, for further proceedings pursuant to CPL 460.50 (subd 5). Titone, J. P., Cohalan, Martuscello and O'Connor, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS HERBERT, Appellant.—Appeal by defendant from two judgments of the County Court, Nassau County, both rendered May 9, 1978, convicting him of robbery in the second and third degrees, upon his pleas of guilty, and imposing sentences. Judgments affirmed. Review of the record before us leads us to conclude that the seizure and detention of defendant for investigation of a crime in which he was a suspected participant was based upon probable cause and did not, therefore, violate his constitutional right to be free of unreasonable seizure (see Dunaway v New York, 442 US 200). The information directly leading the police to defendant in the first instance was verified thoroughly for reliability. The fact that defendant was not arrested when taken into custody does not, as he argued, manifest an absence of probable cause. Furthermore, the circumstances surrounding commission of the armed robbery under investigation, and the location of defendant, served sufficiently to remove the requirement of notification of official authority and purpose prior to entry into his bedroom to effect his seizure. Damiani, J. P., Gulotta, Margett and Weinstein, JJ., concur.